# United States District Court
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| KENNETH HANSEN § | |
| § | |
| v. § | CIVIL ACTION NO. 3:24-CV-1696-S |
| § | |
| HOME DEPOT U.S.A, INC., THE HOME § | |
| DEPOT, and JERRY SAYLES, JR. § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Plaintiff Kenneth Hansen's Motion to Remand ("Motion") [ECF No. 4]. Having reviewed and considered the Motion, Defendants Home Depot U.S.A., Inc., and the Home Depot's (collectively, "Home Depot Defendants") Response in Opposition to the Motion ("Response") [ECF No. 6], Home Depot Defendants' Brief in Support of the Response ("Response Brief") [ECF No. 7], and the applicable law, the Court **GRANTS** the Motion.

### I. BACKGROUND

This is a personal injury case brought by an employee against his corporate employer and individual supervisor. At the time of his injury, Plaintiff was an employee at a Home Depot in Corsicana, Texas. Pl.'s Original Pet. ("Petition") [ECF No. 1-5] ¶ 9. Defendant Jerry Sayles, Jr., the assistant store manager of that Home Depot, instructed Plaintiff to place vacuums onto the overhead section of a shelf. *Id.* According to Plaintiff, employees typically stock the higher shelves using "powered equipment, such as an order picker, lift, or electric ladder." *Id.* ¶ 10. Since Plaintiff was not "certified to use powered equipment," he instead used a step ladder to place the vacuums onto the shelf. *Id.* Plaintiff alleges that Sayles knew that Plaintiff "could not use powered equipment to perform the task and would have to use a step ladder." *Id.* ¶ 11. When Plaintiff raised

a vacuum overhead to place it onto the shelf, he "fell backwards and struck the floor below." *Id.* ¶ 12. Plaintiff alleges that he "sustained significant personal injuries and damages." *Id.* ¶ 13.

Plaintiff filed suit in state court, bringing claims of negligence against Home Depot Defendants and Sayles, in his individual capacity. *Id.* ¶ 19. Plaintiff is a citizen of Texas. Defs.' Notice of Removal [ECF No. 1] ¶ 12. Home Depot Defendants are both corporations incorporated under the laws of Delaware with their principal places of business in Georgia. *Id.* ¶ 13. Sayles is a citizen of Texas. *Id.* ¶ 14. Home Depot Defendants removed the case to federal court on the basis of diversity jurisdiction, asserting that Plaintiff improperly joined Sayles, a non-diverse defendant, "solely to defeat diversity jurisdiction." *Id.* ¶ 15. Plaintiff filed the Motion, asserting that Sayles is properly joined and thus the Court should remand the case. Mot. ¶¶ 1, 3.

## II. LEGAL STANDARD

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the district court embracing the place where such action is pending. 28 U.S.C. § 1441(a). Federal courts are courts of limited jurisdiction, possessing only power authorized by the Constitution or statute. *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). A federal court must presume that a cause of action lies outside its limited jurisdiction, and the party asserting jurisdiction bears the burden of establishing the contrary. *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 258-59 (5th Cir. 2014) (citation omitted). Because removal raises significant federalism concerns, courts strictly construe the removal statute, and any doubt about the propriety of removal is resolved in favor of remand. *See Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007) (citations omitted). The two principal bases upon which a district court may exercise removal jurisdiction are: (1) the existence of a

2

federal question, *see* 28 U.S.C. § 1331; and (2) complete diversity of citizenship among the parties, *see* 28 U.S.C. § 1332.

When, as here, a suit is removed on the basis of diversity, the removing party must establish by a preponderance of the evidence that: (1) the amount in controversy exceeds $75,000; and (2) all persons on one side of the controversy are citizens of different states than all persons on the other side of the controversy. *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019) (citation omitted). Diversity of citizenship must exist at the time of filing in state court and at the time of removal to federal court. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) (citations omitted). "To determine whether jurisdiction is present for removal, [courts] consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)).

### III. ANALYSIS

The sole issue before the Court is whether Sayles is properly joined as a nondiverse defendant such that his joinder defeats diversity jurisdiction. The Court finds that Sayles is properly joined since Plaintiff could possibly recover on its negligence claim against him under Texas law. Because Sayles is properly joined, diversity jurisdiction does not exist, and remand is appropriate.

"The doctrine of improper joinder is a narrow exception to the rule of complete diversity." *Nerium Int'l, LLC v. Burdick*, No. 3:16-CV-3545-D, 2017 WL 7596914, at *2 (N.D. Tex. Jan. 6, 2017) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). If the removing party demonstrates that in-state defendants have been improperly joined, their presence in the case will not defeat jurisdiction. *See Smallwood*, 385 F.3d at 573. A defendant is improperly joined if

the party asserting jurisdiction establishes that "(1) the plaintiff *has* stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff *has not* stated a claim against a defendant that he properly alleges is nondiverse." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016) (citation omitted). The removing party bears the "heavy" burden of demonstrating improper joinder. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citation omitted).

Home Depot Defendants do not allege that there has been any fraud in the pleading of jurisdictional facts as to Sayles's citizenship. Therefore, to show improper joinder, they must show that Plaintiff is unable to establish a cause of action against Sayles in state court. A plaintiff cannot establish a cause of action in state court where "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* at 249 (citation omitted). To determine whether a plaintiff has a reasonable basis of recovery under state law, the district court "conduct[s] a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573 (citation omitted); *see also Int'l Energy Ventures Mgmt.*, 818 F.3d at 208 (stating that Fifth Circuit "precedent is clear" that "[a] federal court must apply the federal pleading standard" in deciding an improper joinder issue). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573.

To pass muster under Rule 12(b)(6), a plaintiff must plead enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable

4

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted).

Plaintiff has sued Sayles, along with Home Depot Defendants, for negligence. Under Texas law, a negligence claim has three elements: (1) a legal duty; (2) breach of that duty; and (3) damages proximately resulting from that breach. *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998) (citation omitted). The only issue before the Court is whether Plaintiff has plausibly alleged that Sayles owed a legal duty to Plaintiff.

Generally, under Texas law, "[w]hen the employer is a corporation, the law charges the corporation itself, not the individual corporate officer, with the duty to provide the employee a safe workplace." *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996) (citation omitted). "The duty to provide a safe workplace [is] a nondelegable duty imposed on, and belonging solely to, [the employer]." *Id.* at 118 (citation omitted). An employee, however, is still "personally liable for tortious acts which he directs or participates in during his employment." *Alexander v. Lincare Inc.*, No. 3:07-CV-1137-D, 2007 WL 4178592, at *3 (N.D. Tex. Nov. 27, 2007) (quoting *Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984)); *see also Leitch*, 935 S.W.2d at 117 ("A corporate officer or agent can be liable to others, including other company employees, for his or her own negligence."). But when an employee is joined as a defendant in a negligence action against the employer, "individual liability arises only when the [employee] owes an *independent*

5

duty of reasonable care to the injured party apart from the employer's duty." *Leitch*, 935 S.W.2d at 117 (emphasis added) (citation omitted).

Plaintiff argues that he can succeed on his negligence claim against Sayles in his individual capacity because Sayles "personally and directly participated in the events that caused" Plaintiff's injuries since he instructed Plaintiff to place the vacuums onto the shelves, knowing that Plaintiff would perform the task with unsafe equipment. Mot. ¶¶ 3-4 (quoting *Bowens v. Sweeping Corp. of Am., LLC*, No 3:24-CV-178-BN, 2024 WL 3278969, at *13 (N.D. Tex. July 2, 2024)). Home Depot Defendants argue that Plaintiff cannot recover against Sayles under Texas law because he has failed to allege that Sayles owed a duty to Plaintiff independent from Home Depot Defendants' duty to provide a safe workplace to Plaintiff. Resp. Br. ¶ 12. The Court disagrees.

Federal district courts in this circuit have routinely remanded cases where the pleadings alleged that a non-diverse defendant employee "was directly and personally involved in the conduct that allegedly caused [the plaintiff employee's] injuries," and thus adequately alleged that the defendant employee owed a duty *independent* from the employer's duty to provide a safe workplace. *Betancourt v. Electrolux Home Care Prods., Inc.*, No. EP-10-CV-320-PRM, 2011 WL 3678649, at *4-5 (W.D. Tex. Jan. 13, 2011) (finding proper joinder where defendant supervisor instructed plaintiff employee to load trailer at increasing speeds until plaintiff suffered a heart attack).[1]

---

[1] *See also Bowens*, 2024 WL 3278969, at *7-14 (finding proper joinder where defendant supervisor instructed plaintiff to operate a street sweeping vehicle despite repeated warnings from other employees); *Salcedo v. Albertson's LLC*, No. EP-19-CV-137-KC, 2019 WL 13194255, at *3-6 (W.D. Tex. Nov. 7, 2019) (finding proper joinder where defendant employee stacked boxes atop a shelf incorrectly such that their fall injured plaintiff employee); *Aubrey v. Wal-Mart Stores Texas, LLC*, No. H-23-4142, 2024 WL 83510, at *2-3 (S.D. Tex. Jan. 8, 2024) (finding proper joinder where defendant supervisor was found to be personally responsible for loading shipment pallets that fell out of a delivery truck and injured plaintiff employee); *Perez v. Home Depot U.S.A, Inc.*, No. 4:19-CV-338-SDJ-KPJ, 2019 WL 7859560, at *4-5 (E.D. Tex. Nov. 12, 2019) (finding proper joinder where defendant co-worker dropped a "box of heavy merchandise" on plaintiff employee), *report and recommendation adopted by* 2019 WL 6907025

Here, Plaintiff specifically alleges that Sayles directed him to place the vacuums onto a high shelf. Pet. ¶ 10. And Plaintiff alleges that Sayles knew that because Plaintiff was not certified to use powered equipment, he would have to use a step ladder, even though employees typically used powered equipment for such tasks. *Id.* at ¶¶ 10-11. Considering a defendant's heavy burden to show improper joinder, the Court finds that Plaintiff adequately states a claim against Sayles independent of Home Depot Defendants' duty to provide a safe workplace. Sayles's alleged direct and personal involvement in the injury provides "a reasonable basis to predict that [Plaintiff] might be able to recover" against Sayles under Texas law. *Bowens*, 2024 WL 3278969, at *11-12 ("An employee may face individual liability where he . . . personally creates a dangerous situation that causes injury." (citation omitted)); *see also Leyendecker*, 683 S.W.2d at 375 ("A corporation's employee is personally liable for tortious acts which he directs or participates in during his employment." (citation omitted)).

At this stage, Plaintiff only needs to show that he has a reasonable possibility of recovery against Sayles, not that he will ultimately succeed on the claim against him. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308-09 (5th Cir. 2005) (explaining that in evaluating improper joinder "[w]e do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so" (citation omitted)). The Court further notes that to the extent there is any ambiguity about whether Plaintiff can recover from Sayles under Texas law, "any contested issues of facts and any ambiguities of state law must be resolved in favor of remand." *Afr. Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) (cleaned up); *see also Bell v. Wal-Mart No. 2978/Sam*, No. 4:11-CV-576-A, 2011

---

(E.D. Tex. Dec. 18, 2019); *Garrison v. The Sherwin-Williams Co.*, No. 4:10-CV-128, 2010 WL 2573973, at *5 (E.D. Tex. June 1, 2010) (finding proper joinder where defendant supervisors "direct[ed]" the plaintiff employee to work with defective products that caused his injuries), *report and recommendation adopted by* 2010 WL 257393 (E.D. Tex. June 22, 2010).

WL 5022815, at *4 (N.D. Tex. Oct. 18, 2011) (ordering remand, finding that "the court must resolve contested issues of fact and legal ambiguities in the plaintiff's favor" (citation omitted)).

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion to Remand [ECF No. 4]. This case is **REMANDED** to the 13th Judicial District Court of Navarro County, Texas.

**SO ORDERED.**

SIGNED November 19, 2024.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**